IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SETH EUGENE HENDERSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 19-cv-1005-SMY |
| | ) |
| T.G. WERLICH, | ) |
| | ) |
| Respondent. | ) |

# ORDER

**YANDLE, District Judge:**

Petitioner Seth Henderson filed this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his conviction and sentence of 180 months imprisonment imposed in 2013 for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Doc. 1). He asserts that following *Rehaif v. United States,* ___U.S.___, 139 S. Ct. 2191 (2019) and *Mathis v. United States,* 579 U.S. 500 (2016), his conviction and sentence should be vacated.

Respondent moves to dismiss the Petition on the basis that Henderson has not filed a 28 U.S.C. § 2255 motion and thus, cannot satisfy "savings clause" requirements set forth in *In re Davenport*, 147 F.3d 605 (7th Cir. 1998). (Doc. 13). For the following reasons, Respondent's motion to dismiss is **GRANTED**.

## Background

On April 2, 2013, Henderson was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Doc. 13-2). The 2013 indictment alleged that "petitioner previously was 'convicted of crimes punishable by imprisonment for a term exceeding one year'" and that Henderson was an Armed Career Criminal in violation of 18 U.S.C. § 924(e). *Id*. On June 26, 2013, Henderson plead guilty to the one-count Indictment, felon in possession of a firearm (Doc. 13-4,5). On October 23, 2013, Henderson was sentenced to 180 months in federal prison, a five-year term of

supervised release to follow his incarceration and was ordered to pay fines and special assessments totaling $100 (Doc. 13-1).

On September 16, 2019, Henderson filed a § 2241 petition (Doc. 1). He asserts that pursuant to *Rehaif*, his conviction is invalid and must be vacated because the Government did not allege or otherwise prove that Henderson was aware of his status as a felon at the time he possessed the firearm. *Id*. Henderson also alleges that pursuant to *Mathis*, his previous prior crime does not qualify as a predicate offense for the purposes of sentencing enhancement under the Armed Career Criminal Act ("ACCA"), rendering his 180-month federal sentence illegal and entitling him for resentencing. *Id*. Henderson did not appeal his conviction or sentence, nor did he previously challenge his conviction or sentence in a § 2255 motion (Doc. 13).

## Discussion

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence to bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). Under very limited circumstances, a prisoner may employ 28 U.S.C. § 2241 to challenge his conviction and sentence. More specifically, § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of [his] detention." *Id.*

"A procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in [his] conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). A petitioner must satisfy three conditions to trigger the savings clause on this basis: (1) he must show that he relies on a new statutory interpretation case rather than a constitutional case; (2) he must show that he relies on a decision that he could not have invoked in his first § 2255 motion *and* that applies retroactively; and (3) he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of

justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *see also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

Henderson's Petition fails to satisfy the second *Davenport* condition because he did not file a prerequisite § 2255 motion. Henderson relies on two Supreme Court cases in his Petition, *Rehaif* and *Mathis*. *Rehaif* is a case of statutory interpretation that retroactively applies to cases on collateral review and can be invoked in a first § 2255 motion if permission is timely sought and obtained. As *Mathis* is a case of constitutional interpretation, a claim based on that decision could also be raised in a § 2255 motion if permission is timely sought and obtained. Moreover, because a § 2255 remedy remains available to him, Henderson cannot show that relief under § 2255 would be inadequate or ineffective. For these reasons, the savings clause does not apply in this case. 28 U.S.C. § 2255(e).

## Conclusion

Respondent's Motion to Dismiss the Petition for Relief Pursuant to 28 U.S.C. § 2241 (Doc. 13) is **GRANTED**; Henderson's Petition for habeas relief under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED without prejudice**. The Clerk of the Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  March 30, 2023**

**STACI M. YANDLE**
**United States District Judge**